IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| ALEX M. GRIFFIN, GDC #549703, | ) ) | CIVIL NO. 09-00613 SOM-LEK |
|---|---|---|
| Petitioner, | ) ) ) | ORDER OF TRANSFER |
| vs. | ) ) | |
| STATE OF GEORGIA, | ) ) | |
| Respondent. | ) ) | |

**ORDER OF TRANSFER**

     Petitioner, who is currently incarcerated at the DeKalb County Jail, located in Decatur, Georgia, is awaiting trial on a state criminal charge and seeks a change of venue to this court, alleging the denial of his constitutional right to a speedy trial. Petitioner does not explain why he filed this action in Hawaii, where he was neither arrested, nor is awaiting trial, nor is incarcerated.[1] The court construes this as a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241, and TRANSFERS the petition and action to the U.S. District Court for the Northern District of Georgia, Atlanta Division.

---

[1] Petitioner may have filed this action here because he has accrued three strikes under 28 U.S.C. § 1915(g) in the District of Georgia, and is hesitant to proceed in the federal district where he is apparently incarcerated and awaiting trial. *See* U.S. Party-Case Index, http://pacer.psc.uscourts.gov. ("Pacer"); *see e.g.*, *Griffin v. Unnamed Defendant*, Civ. No. 1:09-CV-2655-JOF (listing cases); *Griffin v. Unknown*, Civ. No. 1:04-CV-1366-JOF; *Griffin v. Rumsfeld*, Civ. No. 1:04-CV-901-JOF; *Griffin v. Schiavo*, Civ. No. 1:03-743-JOF.

A petitioner seeking relief under § 2241 must file the petition in the district that has jurisdiction over his custodian, or, if challenging a future confinement, in the district that *will* have jurisdiction over his custodian, and in which the challenged state court proceeding will commence. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495-99 (1973) (holding that the federal district court in Alabama may exercise jurisdiction over an Alabama inmate's § 2241 speedy trial challenge to his state court proceedings in Kentucky). Petitioner, who is in custody in Georgia, challenges "the delay between arrest and trial" in "State of Georgia v. Alex M. Griffin." Pet. at 1. Clearly, Petitioner is challenging his incarceration and pending state court trial in Georgia, and this action is not properly laid in Hawaii.

Moreover, a petitioner seeking a writ of habeas corpus must name the state officer having custody of him or her as the respondent to the petition. *See Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994); Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.[2] The correct respondent will normally be the warden of the facility in which the petitioner is

---

[2]These rules are not limited to § 2254 petitions and are equally applicable to § 2241 petitions. *See* Rule 1(b) ("any or all of these rules [may be applied] to a habeas corpus petition not covered by Rule 1(a)."

2

incarcerated, or the chief officer in charge of state penal institutions. *See id.* (citing *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992)). Petitioner's failure to name the Warden of the DeKalb County Jail as Respondent deprives this court of jurisdiction over the petition. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996).

Finally, and equally important, this court is compelled to abstain from interfering with Petitioner's ongoing state criminal proceeding under the rationale of *Younger v. Harris*, 401 U.S. 37, 43-46 (1971) (holding federal court should not interfere with ongoing state criminal proceedings absent extraordinary circumstances). Petitioner says that state court criminal proceedings are ongoing. Georgia's interest in enforcing its criminal laws is unquestionable. *See Engle v. Issac*, 456 U.S. 107, 128 ("Federal intrusions into state criminal trials frustrate both the States' sovereign power to punish offenders and their good-faith attempts to honor constitutional rights."). Petitioner does not explain why he is unable to raise his speedy trial claims in the Georgia state courts, and thereby preserve any federal claims he might have for later presentation to the federal court. Nor does he explain why, if he *has* exhausted his speedy trial claims in the Georgia state courts and they are ripe for adjudication in the federal court, he is unable to bring this petition to the U.S. District Court for the Northern District of

Georgia. On the record presently before this court, abstention is appropriate.

The court lacks jurisdiction over the petition and finds it in the interests of justice and judicial economy to transfer this case. This case is hereby TRANSFERRED to the U.S. District Court for the Northern District of Georgia, Atlanta Division, for all further proceedings. 28 U.S.C. § 1406(a). Whether Petitioner may proceed on the merits of his claims under § 2241 is a determination to be made by the transferee court.

The Clerk is directed to mail a copy of this Order to Petitioner and the original court file to the Clerk of Court for the U.S. District Court for the Northern District of Georgia, Atlanta Division, 75 Spring Street, SW, Atlanta, GA 30303-3361. Petitioner is directed to send any further correspondence or filings in this matter to that address. The Clerk shall not accept any further filings in this action, and shall immediately send any further filings to the District Court for the Northern District of Georgia, Atlanta Division.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 12, 2010.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Griffin v. Georgia, Civ. No. 09-00613 SOM; ORDER OF TRANSFER; dmp/Habeas 2010/Griffin 09-613 SOM (trsf to GA)